UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN E. O'CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-01948 (UNA) |
| ) | |
| ) | |
| DEPARTMENT OF HOUSING & ) | |
| URBAN DEVELOPMENT., *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff filed this matter on July 6, 2022, but failed to comply with D.C. Local Civil Rule 5.1(c)(1). Therefore, on August 5, 2022, the court entered an order, ECF No. 3, directing plaintiff to, within 20 days, provide either her full residence address or a motion for leave to use a Post Office Box as her mailing address. On August 25, 2022, plaintiff filed a response, ECF No. 4, to the court's order, attesting that because she is temporarily living in a shelter, a P.O. Box is the safest and most efficient way for her to receive mail. The court will therefore grant her request to use a P.O. Box in this matter, for good cause shown, and will turn to review plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the

same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R.Civ. P. 8(a).

Plaintiff, a resident of the District of Columbia, currently resides at Harriet Tubman Women's Shelter ("HTWS"), which is located in the District. HTWS is housing provided by Catholic Charities. She sues HTWS and Catholic Charities, as well as myriad other defendants—mostly federal and District of Columbia agencies and officials—and alleges that HTWS and Catholic Charities are intentionally and negligently endangering her health and safety. Her claims are predominantly predicated on her complaint that HTWS has not "separated" her "from infected individuals [diagnosed with] HIV+ virus, Hepatitis B& C, etc.[,]" though it is entirely unclear why defendants would be obligated to do so. She demands compensatory and punitive damages.

The complaint is not based on a federal question, notwithstanding the plaintiff's inclusion of federal defendants, or her sweeping assertions that HTWS and Catholic Charities have somehow violated unspecified public health standards. *See* 28 U.S.C. § 1331. "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Nor does the complaint allege diversity jurisdiction, as both plaintiff and several of the defendants are citizens of the District of Columbia. *See Morton v. Claytor*, 946 F.2d 1565 (D.C.

Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.


DATE: October 28, 2022                    _____s/s_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge